**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GEORGE STEINMETZ,

*Plaintiff,*

v.

SCHOLASTIC INC.,

*Defendant.*

Civil No. 2:16-3583 (KSH) (CLW)

**Opinion**

**Katharine S. Hayden, U.S.D.J.**

Before the Court is defendant Scholastic's motion seeking alternative relief: dismissal of plaintiff George Steinmetz's one count complaint alleging copyright infringement, or a transfer to the Southern District of New York.

According to the complaint, Steinmetz is a professional photographer and New Jersey resident. (Compl., ¶ 2.) At some unidentified time, he entered into agreements with Corbis Corporation and National Geographic Society Image Collection (NGS), which are stock photography agencies that sell photographs to companies like Scholastic for use in their publications.1 (D.E. 14 ("Scholastic Motion to Dismiss" at Ex. A).)

---

1 Steinmetz did not attach either agreement to the complaint or identify a specific date. In his opposition to Scholastic's motion to dismiss, he attached a copy of an agreement with Corbis dated August 15, 2004.

The complaint asserts that "[b]etween 2011 and 2013, in response to permission requests from Scholastic, Steinmetz – acting through the Agencies – sold Scholastic limited licenses to use copies of the Photographs in particular educational publications identified in Scholastic's requests, as itemized in Exhibits 1-2. The licenses granted [to] Scholastic were expressly limited by number of copies, distribution area, language, duration, and/or media." (Compl., ¶ 9.) As the owner of the copyrighted photographs, Steinmetz licensed his photographs "acting through the agencies." (*Id.*) Steinmetz admits in his complaint that he has no knowledge of whether NGS actually licensed his photographs to Scholastic. (*Id.* at ¶ 10.)[2] Further, Steinmetz asserts that "[b]ecause Scholastic alone knows of these wholly unauthorized uses, Steinmetz cannot further identify them without discovery." (*Id.* at ¶ 12.)

Scholastic's contract with Corbis, which is attached to its moving papers, contains a forum-selection clause stating that "the parties agree to accept the exclusive jurisdiction of the state and federal courts located in New York, New York." (D.E. 14-4 ("Scholastic Motion to Dismiss" at Ex. A).)

Steinmetz first argues that at least some of his copyright claims fall outside the scope of the forum-selection clause. (D.E. 25 ("Steinmetz Opp. Brief) at 19).) The Court rejects this argument. The forum-selection clause will apply if "the claims

---

[2] Steinmetz states "NGS's royalty statements reflecting NGS's licensing of his photographs frequently did not identify the customer to whom each license was issued, the publication in which each image was to appear, or the parameters of the license NGS issued." (Compl., at ¶ 10.)

asserted arise out of the contractual relation and implicate the contract's terms." *Crescent Intern. Inc. v. Avatar Cmtys., Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988). The claim here rests on whether Scholastic acted within the bounds of its license, that is, whether Scholastic abided by its contract with Corbis. That clearly falls within the scope of the forum-selection clause.

Steinmetz next argues that the forum-selection clause does not bind him because he was not a party to the contract. The Court is not persuaded. "For purposes of determining a principal's legal relations with a third party, notice of a fact that an agent knows or has reason to know is imputed to the principal if knowledge of the fact is material to the agent's duties to the principal." Restatement (Third) of Agency § 5.03 (2006); *see also Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 494-95 (3d Cir. 2013).

The contract between Steinmetz and Corbis grants "to Corbis all rights throughout the universe necessary for Corbis and [its] customers to use Accepted Images as permitted in this Agreement, to exercise directly or through [its] affiliates, subagents, partners, and customers. [Corbis] may determine at [its] sole discretion the terms and conditions of any license or distribution of [Steinmetz's] Accepted Images, subject to the rights granted and restrictions imposed by [Steinmetz] and limitations contained in this agreement." (D.E. 19 ("Steinmetz Opp. Brief) at Ex. A).)[3] Based on this agreement, Steinmetz conferred to Corbis the power to act as his agent.

---

[3] Steinmetz did not reserve or grant any rights in the agreement.

Thus, knowledge of the agreement between Scholastic and Corbis is imputed to Steinmetz.

Additionally, "it is widely accepted that non-signatory third-parties who are closely related to [a] contractual relationship are bound by forum selection clauses contained in the contracts underlying the relevant contractual relationship." *First Fin. Mgmt. Grp. v. Univ. Painters of Balt., Inc.*, No. 11–5821, 2012 WL 1150131, at *3 (E.D.Pa. Apr. 5, 2012); *see also Keller v. McGraw-Hill Global Education Holding, LLC.*, No.16-1778 2016 WL 4035613 (E.D.Pa. July 28, 2016) (applying forum-selection clause agreement between publisher and licensor to photographer). Here, Steinmetz is a non-signatory third party who, acting through his agent, contracted with Scholastic to license his photographs. His claims against Scholastic are wholly dependent upon the contract between Corbis and Scholastic. The agreement is therefore binding on Steinmetz.

Steinmetz's final argument is that even if the forum-selection clause is applicable to him, the Court must balance other factors such as "the convenience of the parties and witnesses" and the "interest of justice." (D.E. 25 ("Steinmetz Opp. Brief) at 26).) He relies on *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), for the proposition that the Court must balance private and public interests when deciding a transfer motion. But the Supreme Court modified that traditional test in *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 581 (2013).

> The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. For that reason, and because the overarching

consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given *controlling weight* in all but the most exceptional cases.

(emphasis added).

Applying *Atlantic Marine*, the Third Circuit recently held that "in most cases, district courts must enforce valid forum-selection clauses when adjudicating § 1404(a) transfer motions." *In re: Howmedica Osteonics Corp.*, No. 16-3682, 2017 WL 3482039, at *5 (3d Cir. Aug. 15, 2017). When all parties in the litigation are also parties to the forum-selection clause, as is the case here, there is "a strong presumption in favor of enforcing forum-selection clauses." *Id.* at *6. Accordingly, *Atlantic Marine* directs the Court to enforce the valid forum-selection clause.[4]

For the foregoing reasons Scholastic's motion to transfer is granted pursuant to 28 U.S.C. 1404(a).

s/ Katharine S. Hayden

---

[4] The Court notes that other courts have transferred these photographer-publisher cases on the same grounds. S*ee Lefkowitz v. McGraw-Hill Cos.*, No. 13-1661, 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013); *Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-1662, 2013 WL 4079923, at *2 (E.D. Pa. Aug. 13, 2013); *Jon Feingersh Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 13-2378, 2014 WL 716723, at *3-4 (E.D. Pa. Feb. 25, 2014); *Sohm v. McGraw-Hill Global*, No. 2:16-01316 (C.D. Cal.) (order dated June 6, 2016); *Sohm v. Scholastic Inc.*, No. 2:16-03777 (C.D. Cal.) (order dated September 6, 2016).

A nearly-identical case was recently decided in this district, *Yamashita v. Scholastic, Inc.*, No. 16-3839, 2016 WL 6897781 (D.N.J. Nov. 21, 2016) (Chesler, J.). Indeed, the lawyers on both sides in that case appear here as well. There, the plaintiff alleged that Scholastic used its photographs in a manner that violated the licensing terms and infringed its copyrights. *Id.* at *1. Scholastic successfully moved to transfer to the Southern District of New York, arguing that the agreement it made with Corbis contained a forum-selection clause requiring that any disputes between the parties be litigated in the Southern District. *Id.* at *2-3.

Katharine S. Hayden, U.S.D.J.

Dated: September 15, 2017